**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4022

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAQUANTE THOMAS, a/k/a Glock,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:21-cr-00494-JRR-1)

Submitted:  April 30, 2024                          Decided:  May 23, 2024

Before WILKINSON and NIEMEYER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  Kim Y. Hagan, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daquante Thomas appeals his conviction and 420-month sentence imposed following his guilty plea to murder through the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), (j). Thomas' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the sufficiency of the factual basis supporting Thomas' plea, the reasonableness of the sentence, the adequacy of the district court's announcement of the discretionary conditions of supervised release, and whether trial counsel rendered ineffective assistance. Thomas has filed a pro se supplemental brief, in which he argues that he only pled guilty due to trial counsel's ineffective assistance. The Government moves to dismiss the appeal pursuant to the appeal waiver in Thomas' plea agreement. We grant the motion to dismiss in part and affirm in part.

Thomas' appeal waiver does not bar consideration of his challenges to the factual basis or trial counsel's assistance, as both these challenges implicate the validity of the underlying guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (holding that appeal waivers do not preclude review of sufficiency of factual basis); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) ("Even if the court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel."). Because Thomas did not move in the district court to withdraw his guilty plea, we review the court's acceptance of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016);

*see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard).

Initially, while Thomas suggests that his trial counsel's ineffective assistance rendered his plea involuntary, there is no demonstrated evidence of ineffective assistance of counsel.  Accordingly, we decline to address this claim on direct appeal.  *See United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016) (noting that we do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record").  This claim should be raised, if at all, in a 28 U.S.C. § 2255 motion.  *See United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

Furthermore, the present record reflects that Thomas entered his guilty plea knowingly and voluntarily.  And, based on Thomas' sworn assertions at the Fed. R. Crim. P. 11 colloquy and the stipulation of facts attached to the plea agreement, we are satisfied that a factual basis supported his plea.  *See United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017) (discussing proof required to establish factual basis).  We therefore conclude that Thomas' guilty plea is valid.  *See United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (discussing when guilty plea is valid).

Turning to Thomas' appeal waiver, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make

by considering the totality of the circumstances." *Id.* Typically, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted); *see Boutcher*, 998 F.3d at 608.

Our review of the record confirms that Thomas knowingly, voluntarily, and intelligently waived his right to appeal his sentence and that the appeal waiver in the plea agreement is valid and enforceable. And Thomas' question regarding the reasonableness of the sentence falls squarely within the scope of the valid waiver, which precludes all appeals except those claiming the imposition of a sentence in excess of the statutory maximum. Accordingly, the waiver bars review of that issue.

Thomas' remaining question regarding the district court's imposition of the discretionary supervised release conditions falls outside the scope of the waiver. *United States v. Singletary*, 984 F.3d 341, 344-45 (4th Cir. 2021). A district court must orally pronounce all nonmandatory conditions of supervised release at the sentencing hearing, either expressly or "through incorporation—by incorporating, for instance, all [Sentencing] Guidelines 'standard' conditions." *United States v. Rogers*, 961 F.3d 291, 299 (4th Cir. 2020). Discretionary conditions that first appear in the court's subsequent written judgment are "nullities"; in other words, "the defendant has not been sentenced to those conditions." *Singletary*, 984 F.3d at 344. We review "the consistency of the defendant's oral sentence and written judgment de novo." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up).

4

Here, the district court adequately incorporated the standard conditions of supervised release by referencing the court's standing order.  The court also orally announced several additional conditions of supervised release, and the additional conditions that appear in the written judgment are consistent with the court's oral pronouncement.  Accordingly, we conclude that the court properly imposed the discretionary conditions of supervised release.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Thomas' valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope.  We affirm the remainder of the criminal judgment. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review.  If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Thomas.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5